UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause 4:08 CR 408 RWS |
| ) | DDN |
| CORY HUDDLESTON, ) | |
| ) | |
| Defendant. ) | |

### ORDER SETTING CONDITIONS OF RELEASE

On July 11, 2008, defendant Cory Huddleston was brought before the court for a detention hearing upon the motion of the United States that defendant be detained under the Bail Reform Act of 1984, 18 U.S.C. § 3142.

Defendant Huddleston is charged by indictment with distributing more than 5 grams of crack cocaine on October 30, 2007 (Count 1), distributing more than 5 grams of crack cocaine on November 19, 2007 (Count 2), and possessing with the intent to distribute more than 50 grams of crack cocaine on November 28, 2007 (Count 3). At this time, the maximum statutory penalties upon conviction include imprisonment for not less than five years, not less than five years, and not less than ten years, respectively. The government has informed the court that, due to the nature of the charged offenses, defendant qualifies for the enhancement of his sentences to not less than life. These potential sentences are very substantial inducements to flee.

> The Bail Reform Act places upon the government a substantial burden.
>
> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003)(quoting

United States v. Orta, 760 F.2d 887, 891 & n. 20 (8th Cir.1985) (en banc)).

In a case like this, however, because of the severity of the offenses as indicated by the statutory sentence limits, the government's case is aided by a rebuttable presumption. The Bail Reform Act provides,

> Subject to rebuttal by a defendant, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*). . . .

18 U.S.C. § 3142(e). Such is this case.

In response to the presumption, the burden is upon the defendant to produce some evidence that there are conditions of release which will reasonably assure that he will not pose a danger to the community and will not flee. United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003). However, if the defendant produces such evidence, this presumption does not disappear. Rather, the court must continue to consider that the Congressional legislation that created the presumption is based upon Congress's finding that substantial drug traffickers pose special risks of flight and pose a danger to the community; and, throughout all, the government retains the burden of proof described above. Id.

Defendant Huddleston has met the rebuttable presumption with substantial evidence. At the detention hearing the parties offered the written report of the Pretrial Services Officer; neither party disputed the facts set out in the report. The undersigned adopts and incorporates by reference herein the facts set forth in that report.

Defendant Huddleston is 30 years of age and is a lifelong resident of the St. Louis area. He has not married and has fathered no children. The record indicates that defendant has resided with his parents for a substantial period of time. His parents own and operate a local funeral home. Defendant has worked at the funeral home, although not for the 17 years he told the Pretrial Services Officer. Defendant also operates a residential rehabilitation business.

Given his criminal record, defendant has been involved in drug trafficking for a substantial period of time. In 2001, at age 22, he was arrested for possession with the intent to deliver. He pled guilty to the offense on July 2, 2003, and was given 120 days shock incarceration and then five years probation. In July 2002, at age 24, while free on the earlier possession case, he was arrested for two counts of possession with the intent to distribute and second degree assault on a law enforcement officer. Also on July 2, 2003, defendant pled guilty and was given the same shock incarceration and five years probation. He was discharged from the probation in December 2007. So, defendant's criminal record comes down to this: He has been substantially involved in criminal drug activity for a long time, even while employed at the funeral home, while employed rehabbing houses, while living at home, and while on pretrial release supervision; and he allegedly committed two of the substantial criminal offenses alleged in this federal indictment while on state probation supervision.

Yet, it appears that, following the November 2007 arrest, defendant was free without supervision and has not incurred a new arrest. Defendant has the support of his family and the opportunity to be employed while free. The Pretrial Services Officer has recommended release upon a substantial financial condition of release. The court agrees that a substantial financial commitment will likely cause the sureties to take an active role in supervising and observing defendant.

Therefore, considering the entire record, and Congress's finding that illegal drug trafficking has "a substantial and detrimental effect on the health and general welfare of the American people," 21 U.S.C. § 801(2), the court finds that the following conditions of release are necessary to reasonably assure the safety of the community and protect it from further violations of the criminal law by defendant. 18 U.S.C. § 3142(b), (c).    Therefore,

**IT IS HEREBY ORDERED** that defendant Cory Huddleston shall be released from the custody of the Marshals Service upon compliance with the following conditions:

1) Bail is set in the amount of $150,000, fully secured by the residence and any business premises equity belonging to defendant's parents, plus other equity in real estate. Defense counsel shall marshal the required documentation and defense counsel shall present such to the Clerk's office for review and analysis.
2) Defendant shall participate in a program of substance abuse testing and treatment as directed by the pretrial services officer.
(2) Defendant shall submit to the third-party custody of his parents.
(3) Defendant shall submit to home incarceration for a period of 30 days, then home detention, all in the home of his parents with electronic monitoring.
(4) Defendant shall submit to other non-financial conditions of release usually required by this court.

                                                    /S/   David D. Noce
                                                  **UNITED STATES MAGISTRATE JUDGE**

Signed on July 14, 2008.